UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.                                               Case No.:   2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC, and
EYETASTIC RECRUITING, LLC,

    Defendants.
_____/

## ORDER

This dispute concerns the alleged misappropriation of trade secrets following a separation from employment. Plaintiffs move to compel a forensic examination of Defendants Jennifer and Steven Gill's personal and business electronics. (Doc. 82.) The Gills have responded in opposition (Doc. 89), making this matter ripe. For the below reasons, Plaintiffs' motion is denied without prejudice.

### I. Background

Plaintiffs are affiliated entities that provide management assistance for optometry practices, including running marketing and recruiting campaigns. Steven and Jennifer Gill are a husband and wife who worked for Plaintiffs. The Gills both separated from Plaintiffs' employment in April 2022.

Before leaving, Mr. Gill executed several employment agreements containing confidentiality and non-competition provisions. Mrs. Gill also executed an agreement containing confidentiality and non-competition provisions. Plaintiffs claim, among other things, that the Gills breached their contracts by starting two competing businesses—Eyetastic Recruiting, LLC and Eyetastic Services, LLC. Plaintiffs also claim that the Gills "took trade secrets and confidential information" before leaving. (Doc. 82 at 1.) The Gills and their new businesses have been named as defendants in this case (collectively, "Defendants").

Last year, Plaintiffs served Defendants with a First Request for Production of Documents. (Doc. 82-1.) At issue here is Request No. 10, which asks that each defendant produce any cell phones, computers, and other electronic storage devices from March 1, 2022, to the present, for forensic inspection and imaging. Defense counsel at the time (who has since withdrawn) seemed amenable to producing various devices and storage media, but no production was ever made. Instead, all but one defendant objected with: "Defendant objects as the devices include confidential business information, propriety information, or trade secrets." (Doc. 82 at 5.)

Now that defense counsel has withdrawn, Plaintiffs ask the Court to compel Defendants to turn over their devices for forensic examination.

## II. Discussion

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery into electronically stored information, including forensic examinations, is subject to this general scope of discovery. Fed. R. Civ. P. 34(a); *U&I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 672 (M.D. Fla. Mar. 26, 2008).

When determining whether a forensic examination is warranted, the Court must weigh the utility of the proposed examination against inherent privacy concerns. *Bradfield v. Mid-Continent Cas. Co.*, No. 5:13-CV-222-Oc-10PRL, 2014 WL 4626864, at *4 (M.D. Fla. Sept. 15, 2014). Also relevant is whether the parties withheld requested discovery, will not search for requested discovery, and the extent to which the parties complied with past discovery requests. *Valdes v. Greater Naples Fire Rescue Dist.*, No. 2:17-CV-417-FtM-29CM, 2018 WL 4281472, at *6 (M.D. Fla. Sept. 7, 2018). "Mere speculation that electronic discovery must exist is insufficient to permit forensic examination of a party's personal computer or cellphone." *Garrett v. Univ. of S. Fla. Bd. of Trustees*, No. 8:17-CV-2874-T-23AAS, 2018 WL 4383054, at *2 (M.D. Fla. Sept. 14, 2018).

The Middle District of Florida Discovery Handbook also covers this topic. It states: "Inspection of an opponent's computer system is the exception, not

3

the rule and the creation of forensic image backups of computers should only be sought in exceptional circumstances which warrant the burden and cost." Middle District Discovery 2021 at VIII(E)(3). "A request to image an opponent's computer should include a proposal for the protection of privacy rights, protection of privileged information, and the need to separate out and ignore non-relevant information." *Id.*

Plaintiffs' motion does not include what is required under the Discovery Handbook. Outside of a few conclusory paragraphs, there is no proposal for the protection of privacy rights or privileged information. That alone precludes awarding such extraordinary relief. But the motion also falls short for a more fundamental reason—it is premature. Plaintiffs seek a forensic examination to discover if Defendants "downloaded [files] onto [a] storage device" or "sent confidential information [to] their personal mail accounts." (Doc. 82 at 2.) But Plaintiffs have not first requested that Defendants voluntarily produce such information. In other words, Plaintiffs have not gone through the discovery process necessary before obtaining the exceptional relief of a forensic examination. "Courts in this circuit permit forensic examinations where clear evidence exists that the party responding to discovery defaulted on its discovery obligations." *Garrett v. Univ. of S. Fla. Bd. of Trustees*, No. 8:17-CV-2874-T-23AAS, 2018 WL 4383054, at *3 (M.D. Fla. Sept. 14, 2018); *see also ANZ Advanced Tech., LLC v. Bush Hog, LLC*, No. 09-00228-KD-N, 2010 WL

4

11575131, at *9 (S.D. Ala. May 4, 2010) (permitting forensic examination when party failed to produce relevant documents); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 686 (S.D. Fla. Mar. 5, 2012) (permitting forensic examination when party "undertook no efforts" to produce electronic discovery); *Bank of Mongolia v. M&P Glob. Fin. Serv.*, 258 F.R.D. 514, 517 (S.D. Fla. Apr. 24, 2009) (permitting forensic examination when party failed to produce all responsive documents without valid excuse).[1]

Timing aside, there are additional problems with Plaintiffs' motion that warrant comment. First, Plaintiffs do not identify the expert who will conduct the forensic imaging. Second, Plaintiffs put the onus on Defendants to provide a list of negative search terms. (Doc. 82 at 13-14.) This turns discovery on its head—Defendants have no obligation to formulate search terms or otherwise guess at the information Plaintiffs seek. And finally, Plaintiffs provide no facts from which the Court could even infer that a forensic examination would be appropriate. Instead, Plaintiffs allege "upon information and belief" that Defendants transferred confidential files. (Doc 1 at ¶¶ 88, 89, 93, 95.) At bottom, Plaintiffs' request is based on "mere speculation," which is not enough. *See Garrett*, 2018 WL 4383054, at *2.

---

[1] Forensic examinations are also generally granted when there is evidence of misconduct, such as tempering or altering the electronic records sought. *Garrett*, 2018 WL 4383054, at *4. Here, there are no "facts or information suggesting [Defendants] altered or tampered with" their personal electronic devices. *Id.*

Plaintiffs may refile their motion to compel, if necessary, after further discovery has taken place. Accordingly, it is now **ORDERED**:

Plaintiffs' Motion to Compel Examination of Defendants' Personal and Business Electronic Devices (Doc. 82) is **DENIED WITHOUT PREJUDICE**. **ENTERED** in Fort Myers, Florida on April 10, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record