UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.                                            Case No.: 2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC and
EYETASTIC RECRUITING, LLC,

    Defendants.
                                      /

## OPINION AND ORDER[1]

Before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 21). Defendants oppose the Motion. (Doc. 33). Because the Plaintiffs have not shown irreparable injury, the Court denies this Motion.

## BACKGROUND

This case concerns companies (and individuals) in the business of providing optometric management services. These services include assisting optometric practices with marketing and recruitment.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Defendant Jennifer Gill was employed by Plaintiff Gulf Coast Optometry, P.A. and later by Plaintiff Partners Insight, LLC, to work as an Optometric Physician Recruiter in 2021 to 2022. (Doc. 1 at 8). Her husband, Defendant Steven Gill, was employed by Gulf Coast Optometry from 2015 to 2022. (Doc. 1 at 9, 28). Both Gills left their jobs in April 2022 within about 10 days of each other. (Doc. 1 at 23, 28). The Gills then started their own company, Defendant Eyetastic Services, LLC, that same month. (Doc. 1 at 24). The remaining Defendant, Eyetastic Recruiting, LLC, is a company created by Jennifer Gill circa July 2021. (Doc. 1 at 8).

Plaintiffs' claims center on the conclusion of the Gills' employment with Plaintiffs and the formation of Eyetastic Services. Plaintiffs allege the Gills misappropriated trade secrets learned through employment with Plaintiffs, violated non-disclosure and employment agreements, tortiously interfered with Plaintiffs' business relationships and contracts (through their work with Eyetastic Services), and conspired to do all of the above. (Doc. 1 at 30-50). Plaintiffs also allege breach of fiduciary duty and breach of duty of loyalty by both Gills, as well as defamation for online comments the Gills made about their employment with Plaintiffs. (Doc. 1 at 51-57).

This case was filed in September 2022, five months after the Gills left their employment with Plaintiffs and began running their own company, Eyetastic Services. Plaintiffs moved for a temporary restraining order and

preliminary injunction later that same month. (Doc. 21). Plaintiffs' request for an ex parte temporary restraining order was quickly denied, but the Court deferred ruling on the request for preliminary injunction until Defendants could be heard. (Doc. 24).

In October 2022, Defendants opposed the motion for preliminary injunction. (Doc. 33). That same month, Plaintiffs moved for expedited discovery to "develop the record in support of their request for preliminary injunctive relief." (Doc. 36 at 3). The discovery motion was unopposed (Doc. 43) and was granted in November 2022 (Doc. 52). The parties agreed to exchange expedited discovery by November 30, 2022. (Doc. 43, 52). In December 2022, the Court requested a status report on the exchange of discovery and the parties' readiness to attend a hearing on the preliminary injunction. (Doc. 55). The parties filed a joint status report and said they "anticipate[d] being prepared to attend a hearing on Plaintiffs' Motion for Preliminary Injunction in late February or March of 202[3]." (Doc. 56 at 3). Unable to get the discovery they wanted, Plaintiffs moved to compel in February 2023, again citing the need for discovery before a hearing on the preliminary injunction. (Doc. 82 at 13). This Motion to Compel was denied. (Doc. 92).

3

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the moving party must establish four things: (1) it has a substantial likelihood of success on the merits, (2) irreparable injury unless the injunction issues, (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) if issued, the injunction would not be adverse to the public interest. *Sofarelli v. Pinellas Cnty.,* 931 F.2d 718, 723-24 (11th Cir. 1991) (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)). The moving party has the burden of persuasion as to all four elements, and "[i]f any element is not proven, there is no need to address the others"— the injunction should be denied. *Sofarelli,* 931 F.2d at 724.

"Irreparable injury" must be "actual and imminent," not "remote nor speculative." *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990)). And although the "violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant" under Fla. Stat. § 542.335(j), this presumption is rebuttable. *Don King Prods. v. Chavez*, 717 So. 2d 1094, 1095 (Fla. Dist. Ct. App. 1998).

4

## DISCUSSION

Plaintiffs have not shown irreparable harm. Their argument for irreparable harm is first undermined by their delay in seeking an injunction. Plaintiffs waited five months after the Gills allegedly misappropriated trade secrets and violated their employment agreements before requesting an injunction. That alone is grounds to deny the preliminary injunction. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("[D]elay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm").

But this delay has also been exacerbated by Plaintiffs' subsequent conduct. Plaintiffs moved for a preliminary injunction in September 2022. (Doc. 21). Plaintiffs then decided they wanted discovery before a hearing on their motion for injunction. (Doc. 36). When the Court next asked about setting a hearing date, the parties jointly indicated they were not ready, but "anticipate[d] being prepared to attend a hearing on Plaintiffs' Motion for Preliminary Injunction in late February or March of 202[3]." (Doc. 56 at 3). It is now April 2023, and more than six months have passed since the filing of Plaintiffs' Motion for Preliminary Injunction. The parties are still fighting about discovery that Plaintiffs want *before* having a hearing, and Plaintiffs' last push to get this discovery through court order has been denied. (Doc. 92).

5

"[T]he very idea of a preliminary injunction is premised on the need for *speedy and urgent action* to protect a plaintiff's rights before a case can be resolved on its merits." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (emphasis added). It has been nearly twelve months since Defendants left their employment with Plaintiffs and allegedly began causing Plaintiffs irreparable harm. Yet Plaintiffs appear to be in no rush to have their Motion for Preliminary Injunction adjudicated. By continuing to put off the hearing, they are "pursu[ing] [their] preliminary-injunction motion with the urgency of someone out on a meandering evening stroll rather than someone in a race against time." *Id.* at 1246. And "a party's failure to act with speed or urgency . . . necessarily undermines a finding of irreparable harm." *Id.* at 1248. *See also Future Metals LLC v. Ruggiero*, No. 21-civ-60114, 2021 WL 1701568, at *19 (S.D. Fla. Apr. 13, 2021) ("[A] plaintiff seeking a significant extension of time for the Court to rule on preliminary injunctive relief 'cuts against the factor of irreparable harm'") (internal citation omitted), *report and recommendation adopted by* No. 21-civ-60114, 2021 WL 1699877 (S.D. Fla. Apr. 28, 2021).

Any presumption of irreparable harm under Fla. Stat. § 542.335(j) is rebutted by the length of delay.[2] In fact, Plaintiffs' heavy reliance on a

---

[2] Plaintiffs argue that irreparable harm is also presumed when "solicitation of customers occurs" and "in cases involving tortious interference with business relationships and

*presumption* of irreparable harm—coupled with months of delay in moving for injunction and additional months of delay while seeking discovery—suggests that Plaintiffs have no evidence supporting irreparable harm.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Preliminary Injunction (Doc. 21) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 14, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

misappropriation of trade secrets." (Doc. 21 at 19) (internal citations omitted).  Plaintiff has provided no specific instances of solicitation of customers or interference with business relationships, and Plaintiff is not entitled to a presumption of irreparable harm just based on an allegation of misappropriation of trade secrets.  *Castellano Cosmetic Surgery Ctr., P.A. v. Doyle,* No. 8:21-cv-1088-KKM-CPT, 2021 WL 3188432, at *8-9 (M.D. Fla. July 28, 2021) (explaining that there is no clear presumption of irreparable harm for misappropriation of trade secrets under the Defend Trade Secrets Act or the Florida Uniform Trade Secrets Act).