UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　Case No.:　2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC, and
EYETASTIC RECRUITING, LLC,

    Defendants.
                               /

## ORDER

Plaintiffs move the Court to reconsider its Order (Doc. 92) denying their motion to compel a forensic examination of Defendants' devices. (Doc. 96.) Plaintiffs argue that "the interest of justice and prior agreement of Defendants' counsel favor reconsideration." (*Id.* at 1.)

A motion for reconsideration cannot be used "to relitigate old matters." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Yet that is exactly what Plaintiffs seek here. The issue raised—defense counsel's agreement to the forensic examination—was already before the Court. Plaintiffs don't get a second bite at the apple to present further arguments that seem beneficial in hindsight. *See Soto v. United States Sec'y of State*, No. 618CV2003ORL40LRH, 2019 WL 11505061, at *1 (M.D. Fla. Dec. 23, 2019) ("A motion for

reconsideration [is not a vehicle to] raise argument or present evidence that could have been raised prior to the entry of judgment.").

Plaintiffs, nevertheless, insist that "a manifest error has occurred." (Doc. 96 at 2.) Yet their brief is devoid of any case law suggesting (much less compelling a finding) that Defendants are bound to produce their electronic devices because prior counsel said they "would be amendable" to this discovery. (Doc. 96 at 2.) First, it is not entirely clear that a binding agreement was reached. (*Id.*) But even if there was, Plaintiffs offer no authority that says Defendants could not change their mind before the deadline to turn over their devices came to fruition. Finally, if there is some controlling authority that settles this issue, Plaintiffs should have told the Court about it in the first instance. *See Manno v. Healthcare Revenue Recovery Grp.*, LLC, 289 F.R.D. 674, 694 (S.D. Fla. 2013) ("The reconsideration device is not designed to permit losing parties to prop up arguments previously made or to inject new ones, nor to relieve a party of the consequences of its original, limited presentation.").

"The Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Prescott v. Alejo*, No. 2:09-CV-791-FTM-36, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Thus, "reconsideration of a prior order is an extraordinary remedy" to be employed sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*,

2

814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Plaintiffs' argument here falls well short of this standard. Accordingly, it is hereby **ORDERED**:

Plaintiffs' Motion for Reconsideration (Doc. 96) is **DENIED**.

**ENTERED** in Fort Myers, Florida on April 20, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record