UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.                                            Case No.:   2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC and
EYETASTIC RECRUITING, LLC,

    Defendants.
_____/

# ORDER

Before the Court is Plaintiffs' Motion for Entry of Default, seeking default against Defendants Eyetastic Services, LLC and Eyetastic Recruiting, LLC for their failure to obtain counsel. (Doc. 95.) No response was filed, and the time to do so has expired. Thus, the Court considers the matter unopposed. *See* Local Rule 3.01(c). For the below reasons, the motion is granted to the extent that the Clerk will be directed to enter default.

## I. Background

Plaintiffs are affiliated entities that provide management assistance for optometry practices. Defendants Steven and Jennifer Gill are a husband and wife who worked for Plaintiffs. The Gills both separated from Plaintiffs' employment in April 2022. Plaintiffs assert that before and after separation,

the Gills violated a nondisclosure agreement and employment agreement (among other breaches of duty) by actions that included setting up Defendants Eyetastic Services, LLC and Eyetastic Recruiting, LLC ("the corporate defendants").

For the first five months of this case, the corporate defendants appeared through counsel. But their attorney withdrew in February, and the Court told the corporate defendants they can appear only through licensed counsel. (Doc. 80); *see, e.g.*, *Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-SDM-MSS, 2003 WL 21004734, *1 (M.D. Fla. Feb. 13, 2003). The Court provided the corporate defendants a month to obtain counsel and warned them that failure to do so would result in default proceedings. (Doc. 80 at 3.) No counsel appeared.

The Court then directed the corporate defendants to show cause why default judgment should not be entered against them for failure to defend this case. (Doc. 85.) This time, the Gills responded, informing the Court that the corporate defendants would not be obtaining counsel and arguing against the entry of default, which itself was improper without counsel. (Doc. 90.) Because the corporate defendants had not obtained counsel, the Court directed Plaintiffs to move for clerk's default (Doc. 93), which brings us to this motion (Doc. 95).

## II. Discussion

**A. Clerk's Default**

Federal Rule of Civil Procedure 55(a) governs the entry of default by the clerk and states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[1] Courts in the Eleventh Circuit have held that the failure of a corporate defendant to obtain counsel may be construed as a failure to defend within the meaning of Rule 55. *See Lehman Brother Holdings Inc. v. Key Fin. Corp.*, No. 8:09-cv-623-T-17EAJ, 2011 WL 3879499, at *1 (M.D. Fla. Aug. 12, 2011); *Rutledge v. Action Prods. Int'l, Inc.*, No. 6:09-cv-1245-Orl-35GJK, 2011 WL 3625601, at *1 (M.D. Fla. Aug. 17, 2011); *Mr. Rooter Corp. v. Garner*, No. 2:08-cv-464-FtM29DNF, 2009 WL 113395, at *2 (M.D. Fla. Jan. 16, 2009) (granting the plaintiff's motion for entry of default against the defendant for failure of the corporation to appear by counsel); *Garcia v. Universal Empanadas Rest., Inc.*, No. 6:07-cv-185-Orl-19KRS, 2008 WL 2856612, at *1 (M.D. Fla. July 22, 2008) (directing the clerk to enter default where corporate defendant's counsel withdrew, defendant was advised it could only appear with counsel, and no new attorney entered an appearance on defendant's behalf).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The corporate defendants have disregarded this Court's orders to obtain counsel, thereby failing to participate in the litigation. And the corporate defendants have seemingly made no attempt to obtain counsel, instead affirmatively representing they will not do so. On this record, the Court finds that a default is appropriate. As noted, a corporate defendant's failure to obtain counsel is a failure to "otherwise defend" under Rule 55. Thus, the Clerk has cause to enter default against them.

### B. Default Judgment

As for Plaintiffs' request for the entry of a default judgment, that relief will be denied without prejudice as premature. Under Federal Rule of Civil Procedure 54, when multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Plaintiffs make no argument under the Rule 54(b) standard. Even so, the Court finds just reason to delay entry of a final default judgment for at least two reasons. First, entering a judgment now would create a risk of inconsistent judgments. Three of the twelve counts are brought against all defendants, alleging the same tortious conduct by both the Gills and corporate defendants, as well as a civil conspiracy between the Gills and the corporate defendants. (Doc. 1, Counts 5, 6, 7.) Thus, because liability on these counts depends on

many of the same factual allegations against all defendants, and they seek similar relief, delaying final judgment makes sense. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (finding just reason to delay final judgment when the same operative facts served as the basis for each of the plaintiff's legal theories); *Plum Creek Tech., LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3052331, at *6 (M.D. Fla. Feb. 5, 2020) (delaying final default judgment because the remaining claims were predicated on intertwining facts and sought similar relief); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("[E]ven when defendants are similarly situated, but not jointly liable, judgment should not be entered against a default defendant if the other defendant prevails on the merits.").

Second, for many of the same reasons, the interests of sound judicial administration weigh against a piecemeal disposition. Indeed, it is inefficient to enter multiple judgments in the same case, and it could lead to unintended consequences. *Travelers Cas. & Sur. Co. v. Retreat at Twin Lakes Homeowners Ass'n*, No. 6:12-cv-1185-Orl-18TBS, 2012 WL 12898618, at *1 (M.D. Fla. Oct. 17, 2012). Thus, "when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Ebrahimi*, 114 F.3d at 167.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Entry of Default (Doc. 95) is **GRANTED IN PART AND DENIED IN PART**. The request for entry of a clerk's default is granted. The request for entry of a default judgment is denied without prejudice.

2. The Clerk is directed to enter default against Defendants Eyetastic Services, LLC and Eyetastic Recruiting, LLC.

3. Plaintiffs may move for a default judgment against the corporate defendants once the claims against Steven and Jennifer Gill resolve.

**ORDERED** in Fort Myers, Florida this May 4, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record