UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,

      Plaintiffs,

v.                           Case No.:  2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC and
EYETASTIC RECRUITING, LLC,

      Defendants.

_____/

## ORDER

Before the Court is Plaintiffs' Motion to Compel (Doc. 113).[1] Defendants Jennifer Gill, Steven Gill, and Eyetastic Services, LLC (collectively, "Defendants") have responded in opposition (Doc. 115) and Plaintiffs replied (Doc. 116), making the matter ripe. For the reasons below, Plaintiffs' motion is granted.

## I. Background

Plaintiffs are affiliated entities that provide management assistance for optometry practices, including running marketing and recruiting campaigns.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Steven and Jennifer Gill are a husband and wife who worked for Plaintiffs. Both Gills separated from Plaintiffs' employment in April 2022.

Before leaving, Mr. Gill executed several employment agreements containing confidentiality and non-compete provisions. Mrs. Gill also executed an agreement containing confidentiality and non-competition provisions. Plaintiffs claim, among other things, that the Gills breached their contracts by starting two competing businesses—Eyetastic Recruiting, LLC and Eyetastic Services, LLC. Plaintiffs also claim that the Gills "took trade secrets and confidential information." (Doc. 82 at 1.)

Now, Plaintiffs take issue with how Defendants responded to some of their discovery requests. (Doc. 113.) They thus seek an order compelling production.

## II. Standard of Review

The discovery process is designed to fully inform the parties of the relevant facts involved in their case. Federal Rule of Civil Procedure 26 provides the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

As this language suggests, discovery is meant to be broad. The information must relate to a claim or defense, but it "need not be admissible in evidence." *Id.* In short, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LRH, 2021 WL 8199894, at *3 (M.D. Fla. Nov. 17, 2021).

The party moving to compel discovery bears the initial burden of proving it is relevant. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016). The responding party must then demonstrate how the discovery is improper, unreasonable, or disproportionate. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2021 WL 5961144, at *1 (M.D. Fla. Dec. 16, 2021). "When opposing the motion [to compel], a party must show specifically how the requested discovery is" objectionable. *Nolan v. Integrated Real Est. Processing, LP*, No. 3:08-CV-642-J-34HTS, 2009 WL 635799, at *1 (M.D. Fla. Mar. 11, 2009).

### III. Discussion

Plaintiffs ask the Court to compel responses to Document Requests 2, 3, and 4. (Doc. 113 at 7-9.) They assert that Defendants' only objection to these items is that they "allegedly contain confidential information, trade secrets, and/or proprietary information." (*Id.* at 7-8, 13.) This matches the responses

Plaintiffs provided with the motion. (*See* Doc. 113-4.) And Defendants agree: "In the written responses, Steven Gill and Eyetastic Services objected to Requests #2, #3, and #4 based on the confidential and proprietary nature of the information sought. Jennifer Gill asserted the same objection in response to Request #4." (Doc. 115 at 4.[2])

Thus, at the time Plaintiffs filed their motion, the picture looked something like this:

| **Objections Raised to Requests for Production** | | | |
|---|---|---|---|
| **#** | **Eyetastic Services, LLC** | **Jennifer Gill** | **Steven Gill** |
| 2 | Confidentiality | None | Confidentiality |
| 3 | Confidentiality | None (provided Bates numbers for documents already produced) | Confidentiality |
| 4 | Confidentiality | Confidentiality | Confidentiality |

But there is a wrinkle. After the motion to compel was filed, Defendants issued amended responses which they claim moot Plaintiffs' concerns. (*Id.* at 5, 6; Doc. 116-1.) The Court briefly addresses the amendments before turning to the responses Defendants originally provided.

---

[2] Contrary to the Court's requirement (*see* Local Rule 1.08), Defendants' response is not paginated. The Court thus refers to the page numbers assigned by CM/ECF.

*A. Defendants' Amendments*

Defendants sought to amend the responses from Eyetastic Services, LLC and Mr. Gill, adding new objections based on vagueness and relevance. But, without good cause, they may not do so. "There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." *Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625, 627 (M.D. Fla. 2012); *see also Siddiq v. Saudi Arabian Airlines Corp.,* No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485 *3 (M.D. Fla. Dec. 7, 2011) (party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel).

Here, Defendants initially brought only business confidentiality objections.[3] Thus, they cannot now add new ones without good cause. *See Abruscato v. GEICO Gen. Ins. Co.*, No. 3:13-CV-962-J-39JBT, 2014 WL 12617735, at *1 (M.D. Fla. May 7, 2014); *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-cv-210-T-17MAP, 2007 WL 4247767, at *4 (M.D. Fla. Dec. 3, 2007);

---

[3] Defendants' responses were already amended once before. (Doc. 113 at 4, Doc. 115 at 4.) But notably, their objections to Requests 2, 3, and 4 were the same—and limited to business confidentiality—in both versions. (*See* Doc. 113-2; Doc. 113-4.)

*Wyndham Vacation Ownership, Inc. v. Montgomery L. Firm, LLC*, No. 6:18-CV-2121-ORL-37-LRH, 2019 WL 5394057, at *4-5 (M.D. Fla. Mar. 21, 2019) ("Defendants failed to object to Plaintiffs' document requests on the basis of relevancy. Defendants also did not assert an objection that document production should be limited to Plaintiffs' timeshare clients or provide any specified reason therefor. Thus, these objections are deemed waived.").

Courts have used several factors to evaluate good cause in this context, including:

> (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

*Bailey*, 286 F.R.D. at 627. But Defendants make no attempt to show good cause supported their failure to raise all their objections from the beginning. Alternatively, they could have petitioned the Court to extend the time to respond for excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Yet they didn't do that either. "This by itself, is sufficient to find a waiver." *Bailey*, 286 F.R.D. at 627. As a result, Eyetastic Services, LLC and Mr. Gill are left with only their business confidentiality objections to Requests 2, 3, and 4.

6

Ms. Gill stands in a slightly different posture. Initially, she objected to Request No. 4 based on confidentiality. Then, "[w]ithout waiving said objection," Ms. Gill replied that she has no responsive documents. (Doc. 113-4.) In her amended response, Ms. Gill withdrew the objection and left only the Bate stamp numbers of the already-produced documents. (Doc. 115 at 8; Doc. 116-1.) But herein lies a problem. Ms. Gill's withdrawal is moot because her initial objection was waived.

It is improper to provide a substantive response "without waiving" any objections. This problematic approach "raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection?" *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753-FTM-36, 2011 WL 4382104, at *4-5 (M.D. Fla. Sept. 20, 2011). For this reason, such a tactic "lacks any rational basis. There is either a sustainable objection to a question or request or there is not." *Id.* "Objecting but answering subject to the objection is not one of the allowed choices." *Mann v. Island Resorts Dev., Inc.*, No. 3:08CV297/RS/EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009) ("A voluntary answer to an interrogatory is also a waiver of the objection."). Thus, because "[t]his court cannot logically conclude that the objection survives the answer," *Pepperwood*, 2011 WL 4382104, at *4,

it finds that Ms. Gill already waived her objection to Request 4. No withdrawal was necessary.

There is another problem. Despite Ms. Gill initially reporting nothing responsive, her amended discovery answers proceeded to "identify the bate stamp(s) of the responsive document(s) produced." (Doc. 115 at 8; Doc. 116-1.) Presumably, in her diligence she uncovered relevant evidence after all. This is encouraging considering her continuing obligation to supplement her responses with such materials. But it raises an important question: Given Ms. Gill's initial objection (which was waived), are there any additional materials that she should have produced, but didn't? This is the type of confusion courts try to avoid by prohibiting parties from both objecting and answering in the same response. Thus, out of an abundance of caution, the Court orders her to conduct a thorough search and produce any responsive materials she may have withheld on the basis of her waived objection. Fed. R. Civ. P. 26(e)(1)(B).

For these reasons, the Court does not consider any of the amended responses Defendants' produced after Plaintiffs' motion was filed.

### B. Defendants' Operative Response

Now the Court turns to the remaining business confidentiality objections brought by Eyetastic Services, LLC and Mr. Gill. But before doing so, it offers a few general observations about Defendants' discovery responses for the sake of clarity moving forward.

In the Eleventh Circuit, objections should be "plain enough and specific enough so that the court can understand in what way the" discovery request is improper. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). Courts in the Eleventh Circuit have also cautioned parties that boilerplate objections are borderline frivolous. *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009). This means that Defendants cannot simply assert that discovery is improper. They must instead show how each specific request is unsuitable under Rule 26. A similar principle governs objections based on privilege. Generalized objections asserting confidentiality, attorney-client privilege or work-product doctrine do not comply with either the spirit or letter of the Federal Rules.

Defendants' general objections are of the boilerplate, one-size-fits-all variety that this Court has rejected. They fail to address each request specifically. Instead, Defendants repeat a generic objection "to the extent that Plaintiff's Request seeks confidential business information, proprietary information, or trade secrets." (Doc. 113-4.) Without more about what confidential information is sought under each request, the objection is meaningless. *See Miccosukee Tribe of Indians of Fla. v. Cypress*, No. 12-22439-CIV, 2013 WL 10740706, at *1 (S.D. Fla. June 28, 2013) ("When a party responds to a discovery request with objections, it must do so in a [cl]ear and

unambiguous manner, and must include a supporting explanation or justification for the objections.").

Turning now to the merits of Defendants' objections, it is important to note that "there is no absolute privilege for trade secrets and similar confidential information." *Fed. Open Mkt. Comm. of Fed. Rsrv. Sys. v. Merrill*, 443 U.S. 340, 362 (1979). Rather, courts weigh the claim to privacy against the need for disclosure, and commonly enter a protective order if needed. *See Martin v. Glob. Mktg. Rsch. Servs., Inc.*, No. 6:14-CV-1290-ORL31KRS, 2015 WL 6083537, at *6 (M.D. Fla. Oct. 15, 2015). "The party resisting discovery must first establish that the information sought is [otherwise confidential] and then demonstrate its disclosure might be harmful." *Classic Soft Trim, Inc. v. Albert*, No. 6:18-CV-1237-ORL-78-GJK, 2020 WL 6731037, at *7 (M.D. Fla. Mar. 12, 2020).

Defendants' attempt to prove confidentiality falls short. They fail to show that the materials are truly confidential, what steps they take to preserve the confidentiality of the information, or how disclosure might be harmful. Instead, Defendants merely recite these concepts in generalized terms. (Doc. 115 at 12-13; Doc. 116-1.) They do provide a few basic topics that would fall under the requests ("marketing and recruitment strategies . . . [client] contact information, contract terms and pricing, and marketing objectives"). (Doc. 115 at 12-13; Doc. 116-1.) But these are mere categorical descriptions and are not

useful in evaluating whether the information withheld is truly confidential. The Court declines to wholly shield information that is plainly relevant under such a perfunctory justification. *See, e.g.*, *Classic Soft Trim*, 2020 WL 6731037, at *7; *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-CV-827-ORL-36, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014).

To be sure, some of the information Plaintiffs seek may include confidential material. But "[m]any cases between competitors have been litigated and case law is replete with ways in which truly confidential and proprietary information can be produced in discovery." *Gamecraft, LLC v. Vector Putting, LLC*, No. 6:12-CV-51-ORL-28KRS, 2012 WL 12899018, at *3 (M.D. Fla. June 22, 2012). "The normal way to protect a person's privacy is to enter a protective order limiting disclosure of the sensitive information." *Bender v. Tropic Star Seafood, Inc.*, No. 4:07CV438-SPM/WCS, 2008 WL 2824450, at *2 (N.D. Fla. July 21, 2008); *see also Karmagreen, LLC v. MRSS Inc.*, No. 1:21-CV-00674-WMR, 2022 WL 3336062, at *2 (N.D. Ga. Mar. 11, 2022).[4]

Defendants do little to defend their objections. Instead, they claim any deficiencies should not matter because Plaintiffs failed to carry their burden of

---

[4] Plaintiffs' motion contemplates the parties entering into a confidentiality agreement before further production. The Court agrees with that approach to safeguard whatever confidential information Defendants will have to disclose. This issue is addressed further below.

proving the requested documents are relevant and proportional to the needs of the case. (Doc. 115 at 7-8.) They point out that Plaintiffs' justification amounts to a mere sentence: "Not only are the documents sought arguably relevant, they go to the very heart of the substantive allegations of wrongdoing by Defendants in the Complaint." (*Id.* quoting Doc. 113 at 11.)

But relevance here is plain. As noted above, Plaintiffs claim the Gills breached their contracts by starting two competing businesses, including Eyetastic Services, LLC. (Doc. 82 at 1.) They also claim the Gills "took trade secrets and confidential information" before leaving. (*Id.*) Requests 2, 3, and 4 seek information that relates to how the Gillds may have violated the contracts, and whether Plaintiffs' trade secrets were relayed to third parties. Whether the communication happened before or after the Gills' termination doesn't matter—the communications may well shine light on contract violations or tortious conduct that occurred while they were still employed. That is enough to find the requests relevant and discoverable.

### C. Defendants' Motion for Protective Order

At the conclusion of their brief, Defendants ask the Court to enter a protective order shielding their confidential information from discovery. (Doc. 115 at 14.) There are two problems with this request. First, it is improper to seek affirmative relief in a response brief. Defendants' request must be made by separate motion. Fed. R. Civ. P. 7(b)(1); *Rosenberg v. Gould*, 554 F.3d 962,

967 (11th Cir. 2009). This requirement isn't a mere administrative exercise. It ensures all parties—and, crucially, the Court—are aware of such requests and able to respond in full.

Second, "[a] motion for a protective order is generally untimely if it is made after the date the discovery material was to be produced." *Laughon ex rel. Laughon v. Jacksonville Sheriff's Off.*, No. 3:06-CV-692-J-25HTS, 2007 WL 1247305, at *2 (M.D. Fla. Apr. 30, 2007); *see also* Middle District Discovery Handbook (2021) § VII(B) ("Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due."). "Communicating to opposing counsel a party's objections to production, without timely bringing the matter to the attention of the Court, is not adequate under Rule 26(c)." *Cornell Pump Co. v. Thompson Pump & Mfg. Co., Inc.*, No. 6:17-cv-847-Orl-41TBS, 2018 WL 3827248, at *3 (M.D. Fla. Feb. 22, 2018). Thus, even if the Court were to act on affirmative relief requested in a response brief, Defendants do nothing to excuse their tardiness.

For these reasons, the Court will not enter a protective order. The Court also overrules Defendants' objections and directs them to respond to the above discovery requests as outlined below.

*D. Attorneys' Fees*

Finally, Plaintiffs ask the Court to award expenses and fees incurred in brining this motion. (Doc. 113 at 12-13.) If a motion to compel "is granted—or

13

if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision is self-executing. The court *must* award expenses if a motion to compel succeeds. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

Undoubtedly, Rule 37(a)(5) applies here. Defendants' discovery responses are insufficient for the reasons explained. Thus, it would seem "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

But Rule 37 has a safe-harbor provision. The court must not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Although a close call, the Court declines to award fees. Defendants claim they offered to explore resolving the matter before Plaintiffs motion was filed. (Doc. 115 at 16.) But according to Defendants, Plaintiffs responded by simply coming to court. (*Id*.) This uncertainty about the adequacy of the conferral process weighs against awarding fees.

Accordingly, it is now **ORDERED**:

1. Plaintiffs' Motion to Compel (Doc. 113) is **GRANTED**:

   a. By August 25, 2023, the parties must meet and confer regarding a confidentiality agreement. If the parties cannot agree on a mutually acceptable confidentiality agreement, they must advise the Court no later than August 28, 2023, and the Court will enter a confidentiality order.

   b. Within 30-days after the confidentiality agreement is executed (or confidentiality order entered), Defendants Eyetastic Services, LLC, Jennifer Gill, and Steven Gill must provide updated discovery responses to requests 2, 3, and 4 by either:

      i. producing all non-privileged documents that exist and are responsive to the request; or

      ii. responding with a statement that they conducted a reasonably diligent search and, because of that search, all

responsive, non-privileged documents that exist and are in their possession, custody, or control have been produced.

c. If any responsive documents are withheld for privilege, Defendants must also provide an adequate privilege log within 14 days of production.

2. Plaintiff's Motion to Compel (Doc. 113) is **DENIED** to the extent it requests relief different than described above.

**ENTERED** in Fort Myers, Florida this August 21, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record