UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.                                     Case No.:  2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC and
EYETASTIC RECRUITING, LLC,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiffs Partners Insight, LLC and Gulf Coast Optometry, P.A.'s Motion to Compel. (Doc. 157).[1] Defendants Jennifer Gill, Steven Gill, Eyetastic Services, LLC, and Eyetastic Recruiting, LLC have responded in opposition. (Doc. 167.) For the reasons below, the motion is **DENIED**.

Steven and Jennifer Gill are Plaintiffs' former employees. As part of their employment, they signed several agreements containing confidentiality and noncompete provisions. Plaintiffs allege the Gills violated those agreements by

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

stealing trade secrets and forming competing businesses—Eyetastic Services, LLC and Eyetastic Recruiting, LLC.

Shortly after filing suit, Plaintiffs sent each Defendant a request for production. (*See* Doc. 157-1 at 2-29.) Defendants resisted the requests for more than a year-and-a-half. (*See* Doc. 157 at 2-10.) But several months ago, they finally provided a link to more than 180,000 pages of "electronically stored [emails] and documents." (*Id.* ¶¶ 18-19.)

Plaintiffs are not satisfied with this response. They ask the Court to compel Defendants "to fully respond to [their] Requests for Production by producing all responsive, non-privileged documents in native format, with metadata, and with sufficient specification and identification of documents produced." (*Id.* at 1.)

According to the current record, Defendants have provided the documents in electronic form along with their metadata. (*Id.* ¶¶ 19, 26; *see also* Doc. 167 at 1, 7.) Thus, the only remaining issue concerns the production's organization. According to Plaintiffs, Defendants dumped the documents at their feet "without any discernable organization or relevance to [the] specific requests propounded." (Doc. 157 ¶ 18, 19.) As a result, they cannot tell which discovery requests the documents respond to. (*Id.*)

Defendants insist they have met their discovery obligations. Starting with the non-emails, Defendants have "identified by bates stamp which files

2

are responsive to Plaintiffs' requests." (Doc. 167 at 7.) But Defendants contend they need not do the same for the emails because those documents were provided as they are kept in the usual course of business. (*Id.* at 2, 3, 6.)

"[A] party may move for an order compelling production of documents if a party fails to produce documents [or electronically stored information] under a request pursuant to Rule 34." *Holtzapple v. Nationwide Mut. Fire Ins. Co.*, No. 617CV2026ORL41GJK, 2018 WL 8221523, at *1 (M.D. Fla. June 28, 2018); *see also L–3 Commc'ns Corp. v. Sparton Corp.*, 313 F.R.D. 661, 665 (M.D. Fla. 2015) ("Discovery of documents and electronically stored information is governed by Rule 34."). Rule 34 provides, in part:

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34 (b)(2)(E).

"There is a split among courts as to which subsections of Rule 34(b)(2)(E) apply to ESI," like at issue here. *ExactLogix, Inc. v. JobProgress. LLC*, No. 18

3

CV 50213, 2020 WL 13220038, at *2 (N.D. Ill. Apr. 7, 2020); *see also McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 249 (N.D. Tex. 2016). "Some courts have held that ESI productions are governed exclusively by subsection (ii) while subsection (i) applies solely to hard-copy productions." *ExactLogix, Inc.*, 2020 WL 13220038, at *2; *see also McCreight v. AuburnBank*, No. 3:19-CV-865-MHT-SMD, 2021 WL 6926818, at *2 (M.D. Ala. Mar. 30, 2021), *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 385-90 (D.N.M. 2018). But the "vast majority of courts" have found that the party producing ESI must comply with both subsections (i) and (ii). *Landry*, 323 F.R.D. at 388-89; *see also Adria MM Prods. v. Worldwide Entm't Grp., Inc.*, 2018 U.S. Dist. LEXIS 56791, *4 (S.D. Fla. April 2, 2018), *FDIC v. Stovall*, 2014 U.S. Dist. LEXIS 188776, *6 (S.D. Ga. Oct. 22, 2014). Thankfully, the Court need not decide which approach is correct because Defendants have satisfied both.

Starting with subsection (ii)—which directs parties to produce ESI in a reasonably usable form or that which it is ordinarily maintained—Defendants have produced the responsive emails "as [TIFF (Tagged Image File Format)] files with load files which retain[] the relevant metadata and essential functionality of the native file format." (Doc. 167 at 7.) That is sufficient. *See F.D.I.C. v. Bowden*, No. CV413-245, 2014 WL 2548137, at *5 (S.D. Ga. June 6, 2014).

4

Turning to subsection (i)—which governs the organization of a party's production—Plaintiffs complain that Defendants have not identified the requests to which each email corresponds. (Doc. 157 ¶¶ 23, 26.) But that's not required. *See* Fed. R. Civ. P. 34(b)(2)(E). Under Rule 34, a party may produce documents "as they are kept in the usual course of business **or** . . . organize and label them to correspond to the categories in the request." *Id*. (emphasis added). If a party chooses to produce documents as they are kept in the usual course of business, as claimed here, "the mode of production should preserve the functional utility of the electronic information produced." *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *9 (M.D. Fla. Oct. 25, 2013). "[T]his normally requires (1) preserving the format of the ESI and (2) providing sufficient information about the context in which it is kept and used." *Id.*

To meet the first requirement, the producing party must generally produce "electronic documents in the format in which they are kept on the user's hard drive or other storage device." *Id*. As noted above, Defendants have produced TIFF files accompanied by "load files which retain[] the relevant metadata and essential functionality of the native file format." (Doc. 167 at 7.) Generally, "[a] file that is converted to another format solely for production, or for which the application metadata has been scrubbed or altered, is not produced as kept in the ordinary course of business." *Teledyne Instruments,*

5

*Inc.*, 2013 WL 5781274, at *9; *see In re Profundity LLC*, No. 23-16720-CLC, 2024 WL 4249523, at *1 (Bankr. S.D. Fla. May 6, 2024) ("[F]iles that are maintained in native format should be produced in native format, including the metadata."). But courts have accepted TIFF files like those here. *See, e.g.*, *Heartland Food Prod., LLC v. Fleener*, No. 18-CV-2250-JAR-TJJ, 2019 WL 2501862, at *3 (D. Kan. June 17, 2019); *Fed. Deposit Ins. Corp. v. Old Republic Nat'l Title Ins. Co.*, No. 12-81172-CIV, 2013 WL 12096453, at *5 (S.D. Fla. Nov. 13, 2013). And Plaintiffs have not claimed, let alone shown, that the emails are unsearchable or that metadata is missing. Thus, it appears the first requirement is satisfied.

Turning to the second requirement, a producing party provides enough information about the context in which emails are kept and used if it provides "the date the email was transmitted, perhaps along with the parties to the email (sender and recipients), and the subject line." *Teledyne Instruments, Inc.*, 2013 WL 5781274, at *10. Nothing in the record suggests Defendants omitted this information. At bottom, Plaintiffs have not shown that Defendants' response is deficient under Rule 34, which allows the production of ESI as "kept in the usual course of business."

Plaintiffs stress that a party may only produce documents as they are usually kept when their "natural organization makes finding critical documents reasonably possible." *Bowden*, 2014 WL 2548137, at *4. To be sure,

6

a court may direct a party to organize or label their production if it is impossible to find critical documents. *See Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6122068, at *2 (N.D. Fla. Apr. 6, 2020). But the Court simply cannot make that determination on the record before it. For example, Plaintiffs make no argument that the emails are unsearchable or cannot be organized by a particular field (such as date or sender). "The drafters of 34(b)(2)(E) contemplated that parties requesting ESI would be able to organize it themselves—in their own way, to their own satisfactory level of thoroughness, and at their own expense—through the use of text-searching technologies like filtering, grouping, and ordering." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 527 (D.N.M. 2014). And contrary to Plaintiffs' suggestion otherwise, there is nothing in Rule 34 that requires a party who elects to produce documents as they are ordinarily kept to also organize them. As noted, those obligations are disjunctive. *See* Fed. R. Civ. P. 34 (b)(2)(E)(i); *ExactLogix, Inc.*, 2020 WL 13220038, at *2 ("Thus, because the mirror images were produced as they are kept in the usual course of business, Defendants have complied with Rule 34(b)(2)(E)(i) and no further organizing or labeling is required with respect to those documents.").

One last thing. Defendants ask the Court to award their attorneys' fees and costs. (Doc. 167 at 9.) When a party successfully defends against a motion

7

to compel, "the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-CV-1150-J-34PDB, 2020 WL 13268120, at *2 (M.D. Fla. Nov. 19, 2020). "But the court must not order . . . payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*. "Substantial justification exists if reasonable people could differ on the issue." *Id*. Reasonable people could differ on the merits of Plaintiffs' motion and whether further organization of the discovery responses is needed given the sheer volume of the production. As a result, awarding Defendants their attorneys' fees and costs is inappropriate.

Accordingly, it is **ORDERED**:

1. Plaintiffs Partners Insight, LLC and Gulf Coast Optometry, P.A.'s Motion to Compel (Doc. 157) is **DENIED**.

2. Defendants Jennifer Gill, Steven Gill, Eyetastic Services, LLC and Eyetastic Recruiting, LLC's request for attorneys' fees and costs (Doc. 167 at 9) is **DENIED**.

**ENTERED** in Fort Myers, Florida on October 28, 2024.

Kyle C. Dudek
United States Magistrate Judge