UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.                                        Case No.:  2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC, and
EYETASTIC RECRUITING, LLC,

    Defendants.
_____/

## ORDER

Plaintiffs are affiliated entities that provide management assistance for optometry practices. Defendants Steven and Jennifer Gill are a husband and wife who worked for Plaintiffs. Both Gills left in April 2022. This lawsuit followed. (Doc. 1.)[1] According to Plaintiffs, the Gills breached their employment contracts by starting two competing companies—Eyetastic Recruiting, LLC and Eyetastic Services, LLC. (Doc. 82.) Plaintiffs also claim the Gills "took trade secrets and confidential information" before leaving. (*Id.* at 1.) The Gills and their new businesses have been named as defendants (collectively, "Defendants"). Discovery ends in January 2025. (Doc. 169.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Before the Court is Defendants' motion to withdraw admissions made by default because they did not timely respond to Plaintiffs' requests for admission under Rule 36 of the Federal Rules of Civil Procedure. (Doc. 165.) Defendants explain that the responses were 12-days late because their attorney withdrew soon after the discovery was served. They were also delayed in retaining new counsel because of Hurricanes Helene and Milton. As relief, Defendants ask the Court to consider the admissions-through-delay withdrawn and accept proposed responses. (Doc. 165 at 2-3; Docs. 165-1–165-3.)

Rule 36 provides, in relevant part:

(a) SCOPE AND PROCEDURE.

> (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) facts, the application of law to fact, or opinions about either; and
>>
>> (B) the genuineness of any described documents.
>
> . . .
>
> (3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> . . .

> (b) EFFECT OF AN ADMISSION; WITHDRAWING OR AMENDING IT. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36.

Rule 36 serves "to expedite [a] trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). "[W]hen a party uses the rule to establish uncontested facts and to narrow the issues for trial, then [it] functions properly." *Id.* at 1268. But "[w]hen a party ... uses the rule to harass the other side or ... with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." *Id.*

In deciding a motion to withdraw or amend admissions, a court must apply the two-part test specified in Rule 36. *Id.* at 1265. "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* at 1264. The first part of the test "emphasizes the importance of having the action resolved

3

on the merits" and is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* at 1266. The second part of the test "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* "[A] court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun." *Id.* at 1267.

Applying Rule 36 here, allowing Defendants to withdraw their admissions is warranted.

First, amendment will "promote the presentation of the merits of the action." *See* Fed. R. Civ. P. 36(b). Request 4 asks Defendants to admit or deny that they are a competitor of Plaintiffs, which Defendants deny in the answer. (Doc. 165-1 at 1.)[2] Requests 9, 10, 11, 15, 16, and 17 ask Defendants to admit that they have contacted optometrists, ophthalmologists, and opticians who applied for roles with Plaintiffs, which Defendants again deny. (*Id.* at 2-3.) According to Defendants, these issues are critical aspects of Plaintiffs' claims, and if considered admitted, would conflict with the pleadings and sworn

---

[2] The Court uses the CM/ECF pagination for Doc. 165-1.

declarations submitted in opposition to the preliminary injunction motion. (Doc. 165 at 4.)

As for the second factor, the Court is "not persuaded that it would prejudice [Plaintiffs] in maintaining or defending the action on the merits." *See* Fed. R. Civ. P. 36(b). Defendants quickly acted after retaining counsel. (*See* Doc. 165 at 5.) The 12-day delay in responding did not cause a "sudden need to obtain evidence," nor is there any alleged issue with the availability of witnesses. *See Perez*, 297 F.3d at 1266. And given the recent extension, Plaintiffs have three more months to conduct discovery. *In re Fancher*, 802 F. App'x 538, 544 (11th Cir. 2020) ("The withdrawal occurred well before the trial date and allowed [the requesting party] sufficient time to gather evidence and thus did not prejudice [the requesting party]."). Indeed, Plaintiffs have yet to depose Defendants.

Plaintiffs' arguments to the contrary are unavailing. They claim prejudice because discovery is nearing completion, and allowing the withdrawal of admissions would "overburden an already compressed timeline." (Doc. 170 at 8.) But Plaintiffs have not articulated how they relied on any of the defaulted admissions in prosecuting their case. *See Cole v. Raytheon Tech. Corp.*, No. 22-cv-62225-RUIZ-STRAUSS, 2024 WL 147782, at *3 (S.D. Fla. Jan. 12, 2024). At bottom, the Court is "not persuaded that [permitting the default

admissions to be withdrawn] would prejudice [Plaintiffs] in maintaining ... the action on the merits." Fed. R. Civ. P. 36(b).

One final issue. Plaintiffs argue that Defendants' responses fail to meet Fed. R. Civ. P. 36(1)(4). (Doc. 170 at 10-11.) This is essentially a motion to compel within a response brief, which is improper. Plaintiffs must file a separate motion if they intend to challenge the sufficiency of Defendants' admissions.

Accordingly, Defendants' Motion to Respond to Plaintiffs' Requests for Admissions Out of Time (Doc. 165) is **GRANTED**. Defendants' admissions-through-delay are withdrawn and replaced with the proposed responses included at Docs. 165-1, 165-2, 165-3.

**ORDERED** in Fort Myers, Florida on October 28, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge