UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC, GULF
COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.

Case No. 2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC,
EYETASTIC RECRUITING, LLC,

    Defendants,
_____/

# ORDER

Before the Court is Defendants' Motion for Protective Order and/or to Quash Six Untimely Subpoenas. (Doc. 185.)[1] Plaintiffs Partners Insight LLC and Gulf Coast Optometry, P.A. have responded (Doc. 191), making this matter ripe.

## I. Background

Plaintiffs are affiliated entities that provide recruiting services and management assistance for optometry practices. Defendants Steven and Jennifer Gill are husband and wife who worked for Plaintiffs. The Gills both left Plaintiffs' employment in April 2022.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Before leaving, Steven Gill executed several employment agreements containing confidentiality and non-compete provisions. Jennifer Gill did the same. Plaintiffs claim, among other things, that the Gills breached their contracts by starting two competing businesses—Eyetastic Recruiting, LLC and Eyetastic Services, LLC. Plaintiffs also claim that the Gills "took trade secrets and confidential information" before leaving. (Doc. 82 at 1.) The Gills and their new businesses have been named as defendants in this case (collectively, "Defendants").

As part of their discovery efforts, Plaintiffs served nonparty subpoenas on Pinellas Eye Care, P.A. and Frank Crum. Steven Gill briefly worked for Pinellas Eye Care after leaving Plaintiffs, and Frank Crum is apparently the staffing agency that assisted with his placement. (*See* Doc. 185 at 5.) Plaintiffs also subpoenaed Theron Hill, Phillip Kelly, Dr. Jessica Diane Brown Ward, and Alesha Thornton Smith, who "were 1099 workers [that] helped out Eyetastic Services with recruiting." (*Id.* at 6.)

Defendants now move to "quash the subpoenas . . . because [they] are untimely [and] extremely overly broad and seek irrelevant information." (Doc. 185 at 1.)

## II. Standard of Review

The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, a party may subpoena

2

documents in a nonparty's possession and require them to testify at a deposition. *Id.* at (a)(1).

"Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26 because the latter rule clearly defines the scope of discovery for all discovery devices." *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010); *see also Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-CV-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) ("[A] court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b)[.]").

Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information within Rule 26's scope "need not be admissible in evidence to be discoverable." *Id.* The presiding court, however, "on motion or on its own" must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-

62 WLS, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013) ("In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance.").

### III. Discussion

Defendants first raise a timing objection. (Doc. 185 at 3-4.) The subpoenas each had a response deadline after discovery closed. Thus, according to Defendants, the subpoenas amount to "untimely discovery requests and . . . should be quashed." (*Id.* at 5.)

To start, it's not clear that Defendants have standing to quash the subpoenas. *See Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) ("A party does not have standing to quash a subpoena served on a third party unless the party alleges a personal right or privilege with respect to the materials subpoenaed."). Defendants have not shown (or even argued) a personal right or privilege in the documents sought.

Regardless of standing, the Court declines to quash the subpoenas as untimely. The case management deadlines were suspended to address several discovery disputes. (Doc. 188.) Once those motions are resolved, the Court will set a new schedule and reopen discovery. Thus, even if the subpoenas were untimely when served, recent developments have cured that defect. There is a strong preference for cases to be decided on the merits rather than procedural errors or technicalities. *See Foman v. Davis*, 371 U.S.

178, 181 (1962). Against that backdrop, the Court will let the subpoenas proceed rather than limit Plaintiffs' discovery on a technical defect that has been obviated.

Defendants have standing to raise their second argument—the subpoenas are "overly broad and seek irrelevant information"—so the Court turns there now. *See Nw. Mut. Life Ins. Co. v. Brockman*, No. 2:24-CV-186-KCD, 2024 WL 4349101, at *3 (M.D. Fla. Sept. 30, 2024) ("[A] party has standing to seek a protective order precluding . . . irrelevant discovery from a third party or discovery that is beyond the permissible scope of Rule 26.").

Defendants have shown good cause for a protective order concerning the subpoenas to Pinellas Eye Care and Frank Crum. This case concerns the Gills starting a competing business and breaching their employment agreements by soliciting Plaintiffs' customers, vendors, and contacts. But the subpoenas to Pinellas Eye Car and Frank Crum cast a far wider net. For instance, Defendants demand that Pinellas Eye Care provide any "physical examination or medical records" concerning Steven Gill. (Doc. 191-1 at 8.) And Frank Crum must produce "[a] complete copy of Steven Gill's employment file including, . . . internal or external complaints or charges, workers' compensation records, litigation records, or other similar information." (*Id.* at 13.) The overbreadth is obvious. "Although Rule 26 allows for very broad discovery, it is not an unlimited license for a fishing

5

expedition." *C.H. v. Sch. Bd. of Okaloosa Cnty. Fla.*, No. 3:18-CV-2128-MCR-HTC, 2020 WL 6572430, at *2 (N.D. Fla. Nov. 4, 2020).

Rule 45 also requires parties to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). That directive was all but ignored here. The subpoenas require Pinellas Eye Care and Frank Crum to assemble and produce *every record* "pertaining to the employment . . . of Steven Gill." (Doc. 191-1 at 8.) While Plaintiffs are certainly entitled to evidence that Steven Gill violated his employment contract, a general rummaging through the records of a subsequent employer is not justified. *See, e.g.*, *Richards v. Convergys Corp.*, No. 2:05-CV-00790DAK, 2007 WL 474012, at *4 (D. Utah Feb. 7, 2007) (quashing subpoena to the plaintiff's former employer that sought "all documents in your possession or control regarding the [plaintiff's] employment"); *Kona Spring* , 2006 WL 905517, at *2 ("[A] court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b)[.]").

The subpoenas to Theron Hill, Phillip Kelly, Dr. Jessica Diane Brown Ward, and Alesha Thornton Smith stand on different footing. (Doc. 191-2.) As mentioned, they are recruiters who worked at Eyetastic Services. Unlike above, these subpoenas are not the shotgun blast variety. Rather, Plaintiffs

focus on the recruiters' communications with candidates "previously employed with" Gulf Coast Optometry or "candidates for positions to be filled" at certain companies. (*Id.* 7-8.) Such documents are obviously relevant. They go to the heart of Plaintiffs' claim that the Gills opened a competing business and solicited customers and clients in violation of their employment contracts.

Defendants stress that "[t]here are no allegations in the Complaint that any of these individuals had any involvement in the alleged actions in this case." (Doc. 191 at 6.) But discovery is not bound to the facts mentioned in the pleadings. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("Consisten[t] with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."). To be relevant, the information sought must be "germane, conceivably helpful to the plaintiff, or reasonably calculated to lead to admissible evidence." *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007). Whether recruiters working for the Gills contacted Plaintiffs' customers or clients falls into the "conceivably helpful" category. *See also Meide v. Pulse Evolution Corp.*, No. 3:18-CV-1037-J-34MCR, 2019 WL 1518959, at *5 (M.D. Fla. Apr. 8, 2019) ("The term relevant . . . is to be construed broadly to encompass any

matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.").

Defendants also claim that the subpoenas "are outrageously overly broad." (Doc. 185 at 8.) Yet this assertion is unsupported by facts or analysis of any kind. "The party requesting a protective order must make *a specific demonstration of facts in support* of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005) (emphasis added). The Federal Rules of Civil Procedure strongly favor complete discovery, *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021), and the recruiter subpoenas cover topics that align with Plaintiffs' claims. Defendants have not otherwise demonstrated "a particular need for protection" or "alleged harm [beyond a] mere trifle." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008). A protective order is not appropriate in such circumstances.

Accordingly, it is now **ORDERED**:

1. Defendants' Motion for Protective Order and/or to Quash Six Untimely Subpoenas is **GRANTED IN PART AND DENIED IN PART** as set forth above.

8

**ENTERED** in Fort Myers, Florida on February 18, 2025.

Kyle C. Dudek
United States Magistrate Judge