UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC, GULF
COAST OPTOMETRY, P.A.,

      Plaintiffs,

v.

Case No. 2:22-cv-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC,
EYETASTIC RECRUITING, LLC,

      Defendants,

## ORDER

Before the Court is Defendants' Motion to Compel (Doc. 187),[1] which is directed at Plaintiffs' damages calculations. Plaintiffs oppose the motion, claiming that Defendants' abuse of the discovery process has made it "impossible" to calculate their damages. (Doc. 192 at 6-7.) For the reasons below, Defendants' motion is granted.

## I. Background

Plaintiffs are affiliated entities that provide recruiting services and management assistance for optometry practices. Defendants Steven and Jennifer Gill previously worked for Plaintiffs. They both left in April 2022.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Before leaving, Steven Gill executed several employment agreements containing confidentiality and noncompete provisions. Jennifer Gill did the same. Plaintiffs claim, among other things, that the Gills breached their contracts by starting two competing businesses—Eyetastic Recruiting, LLC and Eyetastic Services, LLC. Plaintiffs also claim that the Gills took trade secrets and confidential information before leaving. Plaintiffs seek damages and injunctive relief.

Plaintiffs served their initial disclosures in January 2023. (Doc. 187-3.) Pertinent here, the damages portion of the disclosures reads:

> Plaintiffs seek the recovery of their respective confidential and proprietary business information and trade secrets taken by Defendants and recuperation of any damages that have resulted from Defendants' actions or ratification of such actions; the full extent of their damages will be determined during discovery. Also, Plaintiff seek the enforcement of the respective restrictive covenants agreements executed by Mr. and Mrs. Gill and recovery of damages associated with Defendants' breach of same.
>
> Plaintiffs further seek all damages allowed by law, including the damages outlined in the Verified Complaint and any subsequent amendment; including the recovery of their confidential and proprietary business information and trade secrets misappropriated by Defendants; recuperation of any damages that have resulted from Defendants' wrongful conduct; enforcement of the non-solicitation and non-compete agreements executed by Mr. Gill and Ms. Gill; and recovery of damages associated with Mr. Gill and Ms. Gill's breach of same.
>
> Due to Defendants' unlawful activities, Plaintiffs have incurred, and continue to incur, irreparable harm, lost business and business opportunities, loss of reputation and goodwill, loss of its competitive position in the industry, and losses related to mitigation efforts taken to counter Defendants' actions. As a result of Defendants' actions, Plaintiffs have incurred and will continue to incur actual damages.

> Damages are still being calculated and will be calculated in accordance with the law. Plaintiffs reserve the right to amend this response as discovery is ongoing. **And a calculation of these damages will be made available at the conclusion of discovery**.

(Doc. 187-3 at 6-7 (emphasis added)). As best the Court can tell, that's the only information Plaintiffs provided on their damages.

Now that the end of discovery is here, Defendants have asked for an update. They served two discovery requests seeking "a computation of each category of damages" and "[a]ll documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation . . . is based." (Doc. 187 at 2, 6.) Plaintiffs objected and continue to stand on the initial disclosures.

## II. Legal Standard

This Court has broad discretion to compel or deny discovery. Pertinent here, Fed. R. Civ. P. 26(a)(iii) provides that a party must provide "a computation of each category of damages claimed" in the initial disclosures. The Rule also requires a party to "supplement or correct its disclosure ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

3

Thus, under Rule 26, a "defendant is entitled to a specific computation of plaintiff's damages, and is entitled to have made available for inspection and copying the documents and other evidentiary material on which such computation is based." *Shock v. Aerospace Integration Corp.*, No. 3:08-CV-304/RV/EMT, 2009 WL 595923, at *4 (N.D. Fla. Mar. 6, 2009). This section of Rule 26 is the functional equivalent of a standing request for production. "A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

### III. Discussion

Plaintiffs have seemingly complied with the first requirement of Rule 26(a)(1)(A)(iii)—they have disclosed the various categories of damages sought. But as noted, that's not enough. Plaintiffs must also provide a calculation of such damages and make available the "evidentiary material on which [those categories are] based." Rule 26(a)(1)(A)(iii).

Plaintiffs served their initial disclosures in January 2023, which they claim is sufficient here. (Doc. 192 at 6.) Not so. This case has been pending for three years, and the discovery requests at issue came *two years* after Plaintiffs provided their initial disclosures. (*See* Doc. 187-3.) Although

4

discovery has been difficult, Plaintiffs still have an obligation to supplement their disclosures as discovery is obtained and provide a computation of each category of damages. And a response that refers to initial disclosures is, in essence, a refusal to supplement their damages disclosure under Fed. R. Civ. P. 26, which is simply unacceptable.

Plaintiffs protest that they "have never been allowed the benefit of a full and fair disclosure of the Defendants' unlawful activities." (Doc. 192 at 7.) Thus, it's been impossible "to calculate the harm flowing from such conduct." (*Id.* at 7-8.) While discovery has been problematic, the Court recently stayed the case to resolve such issues. (Doc. 188.) And regardless, Plaintiffs have an obligation to provide what information they have available even if incomplete due to Defendants' conduct. Thus, the Court will order Plaintiffs to answer the outstanding discovery and supplement their damages disclosure as required under Rule 26. As set forth above, Plaintiffs must continue to update this discovery as more information is made available.

Finally, Defendants ask the Court to award expenses and fees incurred in bringing this motion. (Doc. 187 at 7-8.) If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This

5

sanctions provision is self-executing. The court *must* award expenses if a motion to compel succeeds. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

Undoubtedly, Rule 37(a)(5) applies here. Plaintiffs' discovery responses are insufficient for the reasons explained. Thus, it would seem "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

But Rule 37 has a safe-harbor provision. The court must not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Although a close call, the Court declines to award fees. Plaintiffs claim they offered to explore resolving the matter before Defendants motion was filed. (Doc. 192 at 8-9.) But according to Plaintiffs, Defendants responded by

6

simply coming to court. (*Id.*) This uncertainty about the adequacy of the conferral process weighs against awarding fees.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Compel (Doc. 187) is **GRANTED IN PART AND DENIED IN PART**.

2. **Within 14 days of this order, Plaintiffs must update their response and produce the documents sought in the discovery requests at issue here.** If any responsive documents are withheld for privilege, Plaintiffs must also provide an adequate privilege log within 14 days of production.

3. Defendants' Motion to Compel (Doc. 187) is **DENIED** to the extent it requests relief different than described above.

**ENTERED** in Fort Myers, Florida on March 3, 2025.

Kyle C. Dudek
United States Magistrate Judge

7