UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC, GULF
COAST OPTOMETRY, P.A.,

      Plaintiffs,

v.

                                Case No. 2:22-cv-00739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC,
EYETASTIC RECRUITING, LLC,

      Defendants,
_____/

## ORDER

Before the Court is Plaintiffs' Amended Fifth Motion to Compel and For Sanctions. (Doc. 199.)[1] No response has been filed, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

Plaintiffs are affiliated entities that provide recruiting services and management assistance for optometry practices. Defendants Steven and Jennifer Gill worked for Plaintiffs until 2022. The Gills signed several agreements containing confidentiality and noncompete provisions as part of their employment. Plaintiffs allege the Gills violated those agreements by stealing trade secrets and forming competing businesses—Eyetastic Services, LLC and Eyetastic Recruiting, LLC. They also contend that the Gills hired

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

"at least four (4) recruiters" who improperly solicited Plaintiffs' customers, clients, and referral sources. (Doc. 184 at 8.)

The motion raises two discovery issues: (1) Defendants' purported failure to produce documents responsive to Plaintiffs' various discovery requests outlined in a table on pages 9-12 of the motion, and (2) Defendants' failure to search any of the recruiters' cell phones, LinkedIn pages, or social media communications for documents and correspondence responsive to Plaintiffs' discovery requests.

Starting with the first issue, Plaintiffs deposed Steven Gill last month. He confirmed that several categories of documents were located and provided to counsel. (Doc. 199-1 at 10-21.)[2] But according to Plaintiffs, they are still missing responsive documents. Based on this testimony, Plaintiffs ask the Court to compel the Gills to update their discovery responses and produce the withheld documents.

The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A). Plaintiffs tried to confer with Defendants in a good-faith effort to resolve this dispute to no avail. (Doc. 199 at 22.) And now Defendants failed to respond to the motion, thereby waiving any objections that may have been made. *See Gray v. Fla. Beverage Corp.*, No. 6:18-CV-1779-ORL-31LRH, 2019

---

[2] For Doc. 199-1, the Court uses the pagination generated by its electronic filing system.

2

WL 13249032, at *4 (M.D. Fla. Oct. 23, 2019) ("Objections asserted that are not addressed in a response to a motion to compel are deemed to have been abandoned."). Having received no response in opposition, the Court grants the motion to compel and directs Defendants to locate and produce the documents outlined in the table on pages 9-12 of the motion.

As for the recruiter issue, Gill testified that he did not search their personal cell phones, LinkedIn pages, or social media communications for responsive documents because he has no access to such files. (Doc. 199-1 at 2-9.) And Defendants did not provide the recruiters with any company devices or email addresses that remain within Gill's control. The Federal Rules require only that Defendants produce non-privileged documents in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Because the only evidence is that the recruiters' personal information is not within Defendants' custody or control, the Court will not compel production. But Plaintiffs are not without recourse. They have already noticed and sent nonparty subpoenas to each recruiter. This is the proper avenue to pursue such discovery.

Apart from the substantive relief, Plaintiffs also seek an award of attorney's fees "associated with this Motion." (Doc. 199 at 20.) If a motion to compel is granted, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's

3

fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court must award expenses when a motion to compel prevails. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Defendants did not provide certain discovery and is now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Defendants have not carried their burden. Indeed, they offer no opposition to the motion. That ends the matter—the Court "must order [them] to pay the reasonable expenses, including attorney's fees, caused by

4

the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Plaintiffs also seek an adverse jury instruction as a sanction. (Doc. 199 at 15.) "An adverse inference makes a finding or imposes a rebuttable presumption that the missing evidence would have been unfavorable to the party engaging in the misconduct." *Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 343 F.R.D. 230, 246 (S.D. Fla. 2022). According to Plaintiffs, they are unsure whether the documents previously ordered to be produced have been preserved or are even capable of production. (Doc. 199 at 15.)

The Court is not convinced. Gill testified that he provided everything requested in discovery to his attorney (Doc. 199-1), and it isn't evident that the documents have been destroyed or cannot be produced. The Court will not impose an adverse inference on naked supposition.

Plaintiffs also reference this Court's inherent power to impose sanctions. (Doc. 199 at 14-15.) As they note, "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). While Plaintiffs do their best to ascribe nefarious intent to Defendants' conduct, the record does not support bad faith. The only testimony offered is that Gill provided the missing documents to his lawyer.

5

One last issue. Plaintiffs request a forensic examination of Defendants' electronic devices. (Doc. 199 at 3, 20.) But no argument is presented for this relief beyond a couple of conclusory sentences. The Court declines to do Plaintiffs' work for them. In our adversarial system, a claimant must present his case. It's not a court's job "to conduct research to provide the proper support for [conclusory] arguments." *Eli Rsch., LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2014 WL 4983710, at *2 (M.D. Fla. Oct. 6, 2014).

For these reasons, Plaintiffs' motion to compel (Doc. 199) is **GRANTED IN PART AND DENIED IN PART**.

1. **Within 10 days of this order, Defendants must respond to the discovery requests and produce the documents outlined in the table on pages 9-12 of the motion.**

2. Within 14 days of this order, the parties must also meet and confer about the expenses Plaintiffs reasonably incurred in making the motion. If the parties cannot agree on a fee award, Plaintiffs must submit a motion, which includes necessary supporting documents detailing their reasonable expenses, if they wish to pursue such relief.

3. To the extent the motion seeks any different or greater relief, the motion is **DENIED**.

4.       With the discovery motions resolved, the Court will reopen the case and enter a new scheduling order. The Clerk is **DIRECTED** to lift the stay and administrative closure and remove the flags from the docket.

**ORDERED** in Fort Myers, Florida on March 24, 2025.

Kyle C. Dudek
United States Magistrate Judge