UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC, GULF
COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.

Case No. 2:22-CV-739-SPC-KCD

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC,
EYETASTIC RECRUITING, LLC,

    Defendants,

/

# ORDER

The Court issued a discovery order directing Defendants to produce certain documents and pay the moving party's expenses under Fed. R. Civ. P. 37(a)(5)(A). (Doc. 200.) Defendants now ask the Court to reconsider its order. (Doc. 202.)[1]

District courts have inherent authority to reconsider non-final orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Reconsideration is proper only where: (1) there is an intervening change in controlling law, (2) new evidence has become available, or (3) relief from the judgment is necessary to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Defendants do not claim an intervening change in controlling law or new facts. Nor have they shown legal error. Instead, they argue the Court improperly considered the underlying motion to compel unopposed. (Doc. 202 at 1 ("Defendants . . . respectfully request that the Court reconsider its Order granting Plaintiffs' Fifth Motion to Compel 'as unopposed [because] … [n]o response has been filed[.]'").) Some additional background is needed to put this argument in context.

Plaintiffs first moved to compel documents from Defendants several months ago. (Doc. 184.) Defendants filed an opposition. (Doc. 190.) Plaintiffs' motion hinged on testimony outside the record. (Doc. 196.) So, the Court directed them "to provide . . . a complete copy of the [deposition] transcript." (Doc. 193.)

While waiting for the deposition transcript, the Court uncovered other issues with Plaintiffs' motion. Among other things, it failed to cite the document requests that covered the materials sought. Thus, once briefing was complete, the Court denied Plaintiffs' motion without prejudice. (Doc. 196.) If they chose to refile the motion, Plaintiffs were told to provide "pinpoint citations to the applicable testimony from Mr. Gill's deposition and identify which document requests cover the withheld materials." (*Id.* at 3.)

Plaintiffs later filed a new motion to compel. (Doc. 199.) Defendants did not respond. The Court thus considered the matter unopposed and analyzed Plaintiffs' request on the uncontested record. The Court ultimately granted some of the relief sought and awarded expenses under Rule 37(a). (*See* Doc. 200.)

Citing "confusion" from this procedural history, Defendants now protest that Plaintiffs' motion was not unopposed. (Doc. 200 at 2.) They contend that the Court should have considered their "timely filed . . . Opposition Memorandum to the original motion, which was never withdrawn or stricken." (*Id.* at 1.)

The record is not confusing. The Court denied Plaintiffs' motion, and they filed a new one. The Local Rules (and common sense) require a response in such circumstances. (*See* Local Rule 3.01(b), (f).)

To avoid this result, Defendants couch Plaintiffs' renewed motion as a mere "supplement," and thus "it was determined that no response was permitted under the Rules." (Doc. 202 at 3.) But nothing suggests that Plaintiffs' motion was a supplemental filing beyond Defendants' belated attempt to excuse their inaction. The Court ***denied*** Plaintiffs' original motion, meaning their later filing could not be supplemental. It defies logic to suggest that Plaintiffs were augmenting a motion that was no longer pending.

Defendants also stress that "nothing . . . withdrew or struck the [original] Opposition Memorandum or permitted or required Defendants to refile their Opposition Memorandum." (Doc. 202 at 3.) Two things. First, the Court didn't need to strike Defendants' original opposition memorandum. Their brief became moot as a matter of course once the Court denied the underlying motion. Second, the Local Rules ***did*** require Defendants to re-file their opposition. (*See* Local Rule 3.01(f) ("A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief.").

According to Defendants, it was an "abuse of discretion" to consider Plaintiffs' motion unopposed simply because they "did not go through the procedural exercise of refiling [their opposition] on the docket." (Doc. 202 at 4.) The Court disagrees. Refiling the opposition is not merely a procedural

4

exercise; it's required because any other rule impermissibly requires the Court to interject itself and independently decide what arguments to consider. American courts function in an "adversarial system of adjudication" whereby "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). This system is "designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Greenlaw v. United States*, 554 U.S. 237, 244 (2008).

Finally, Defendants claim that fundamental fairness "dictate[s] that [their] Opposition Memorandum should have been considered." (Doc. 202 at 4.) But this Court's rulings are not shaped by amorphous standards of fairness. "The task of any court is to interpret and apply the law, not rewrite it" where the result seems unjust. *In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d 533, 546 (N.D. Tex. 2003). Accepting Defendants' view, the Court was bound to review Plaintiffs' motion to determine whether it advanced the same arguments as before, and from there, infer that Defendants' prior response remained applicable. That's a bridge too far. Defendants were required to "advance[e] the facts and arguments entitling them to relief." *Greenlaw*, 554 U.S. at 244.

5

"The Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Prescott v. Alejo*, No. 2:09-CV-791-FTM-36, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Instead, "reconsideration of a prior order is an extraordinary remedy" to be employed sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Defendants' arguments do not meet this standard, and thus, the Motion for Reconsideration (Doc. 202) is **DENIED**.

**ORDERED** in Fort Myers, Florida on March 27, 2025.

Kyle C. Dudek
United States Magistrate Judge