UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARTNERS INSIGHT, LLC, and
GULF COAST OPTOMETRY, P.A.,

    Plaintiffs,

v.

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC, and
EYETASTIC RECRUITING, LLC,

    Defendants,

Case No.: 2:22-cv-739-SPC-KCD

# ORDER

United States Magistrate Judge Kyle C. Dudek granted Plaintiffs Partners Insight LLC and Gulf Coast Optometry, P.A's Amended Fifth Motion to Compel and For Sanctions. (Doc. 200). Before the Court are Defendants Jennifer Gill, Steven Gill, Eyetastic Services, LLC, and Eyetastic Recruiting, LLC's Objections to the Magistrate Judge's Order (Doc. 200) Pursuant to Fed. R. Civ. P. 72(a) ("Defendants' Objections") (Doc. 209) and Plaintiffs' Reply/Cross Objections to Defendants' Objections to Magistrate Judge's Order Granting Motion to Compel and Awarding Attorneys' Fees ("Plaintiffs' Objections") (Doc. 210). For the below reasons, the Court overrules both parties' objections.

Rule 72 governs pretrial matters referred to a magistrate judge. Under that rule, a district judge reviewing a magistrate judge's decision on a non-dispositive issue "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Clear error is a highly deferential standard. *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351–52 (11th Cir. 2005). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citation omitted). An order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).

First, a brief history of how we got here. Plaintiffs filed an incomplete motion to compel, to which Defendants responded. (Docs. 184, 190). The Magistrate Judge denied the motion to compel without prejudice and instructed Plaintiffs that if they refiled the motion, they must complete certain tasks. (Doc. 196). To be clear, he did not take the motion under advisement nor direct supplemental briefing. Instead, he denied the motion without prejudice outright. Plaintiffs filed a new motion to compel, and Defendants did not respond. (Doc. 199).

Local Rule 3.01(c) provides that if a party "fails to timely respond, the motion is subject to treatment as unopposed." M.D. Fla. L.R. 3.01(c). Having received no response from Defendants, the Magistrate Judge granted the motion; awarded Plaintiffs their attorney's fees associated with filing the motion; denied Plaintiffs' request for an adverse jury instruction as a sanction; and denied Plaintiffs' request for a forensic examination of Defendants' electronic devices. (Doc. 200).

Defendants moved for reconsideration, asserting that they were confused by the procedural posture of the motion, it was "one simple technical oversight or misinterpretation," and that "basic principles of fairness" dictate that the Magistrate Judge should have considered their response. (Doc. 202 at 4, 5). In his order denying reconsideration, the Magistrate Judge explained that his "rulings are not shaped by amorphous standards of fairness." (Doc. 204 at 5). He continued: "[a]ccepting Defendants' view, the Court was bound to review Plaintiffs' motion to determine whether it advanced the same arguments as before, and from there, infer that Defendants' prior response remained applicable. That's a bridge too far." (*Id.*).

The Court does not recount the Magistrate Judge's analysis on whether it should permit Plaintiffs' motion and Defendants' original response to be considered on the merits or reconsider the award of sanctions. After careful review of the Magistrate Judge's Order (Doc. 200), the Court finds his analysis

3

was thorough, clear, and correct in all material respects and adopts it as the Order of the Court regarding these issues.[1] However, the Court does not feel it is "fair" to stop there and cautions Defendants to tread carefully when preparing their filings in the future. The Court adds these remarks in response to Defendants' Objections.

Defendants explain that they—incorrectly—interpreted the Magistrate Judge's order as allowing Plaintiffs to update or supplement their motion to compel and did not file a response to the new motion. The Magistrate Judge—correctly—determined that he could not consider Defendants' stale brief, filed in response to a motion he denied. Now, Defendants complain that the Magistrate Judge treated them unfairly when he ruled on Plaintiffs' Fifth Motion to Compel as unopposed.

To be clear, Defendants have a right to object to a Magistrate Judge's ruling on such a Motion. However, rarely has the undersigned seen a brief so disrespectful of the Court. Defendants' Objections ooze sarcasm, repeatedly referring to the Magistrate Judge's rulings as "generous" and "charitable" toward Plaintiffs and arguing that he "repeatedly has bestowed fairness like the dewfall upon [them]." (Doc. 209 at 2, 7). Defendants reproach him for favoring corporate over individual parties in the case. (*Id.* at 7–8). They

---

[1] While Defendants appear to object only to the Magistrate Judge's Order at Doc. 200, the fairness language Defendants take issue with appears in the Order denying reconsideration. (Doc. 204 at 5).

4

outrageously ascribe a title to his statement on amorphous standards of fairness, coining the phrase, the "No Fairness Policy." (*Id.* at 4). Even more dangerous, Defendants twist the meaning of his words. They morph them into a judicial proclamation "that there is no room for fairness in his courtroom" and a declaration that "his rules are not shaped by fairness." (*Id.* at 6–7). Finally, Defendants berate him for applying the "No Fairness Policy in a selective and biased manner." (*Id.* at 11).

The Court understands that Defendants vehemently disagree with the Magistrate Judge's ruling. But rather than admit their mistake in not filing a response, they double down in a 14-page motion and characterize compliance with the Rules as a "procedural exercise." (*Id.* at 14). They frame the ruling on the motion as unopposed as "extremely prejudicial" and an "abuse of discretion." (*Id.*). It was not. The Rules required Defendants to file a response brief if they wanted the Magistrate Judge to consider arguments in opposition to the motion. They failed to do so.

The Court advocates for neither party. The Magistrate Judge could not, and should not, determine whether Defendants intended the Court to consider their outdated brief, much less the arguments that remained in play. The Court considers arguments brought in good faith. Defendants' counsel is on notice that the undersigned will not tolerate unwarranted attacks on the

5

professionalism of members of this Court. Defendants' Objections lack merit and are overruled.

Finally, the Court addresses Plaintiffs' Objections. (Doc. 210). Plaintiffs object to the Magistrate Judge's denial of an adverse inference against Defendants for their systematic failure to produce records and discovery misconduct. (*Id.* at 7). They also object to his denial of a forensic examination of all of Defendants' electronic devices. (*Id.*) For support, Plaintiffs list examples of Defendants' alleged bad faith throughout this litigation. (*Id.* at 7–10). But they identify no clear error by the Magistrate Judge—the standard under Rule 72(a). Accordingly, the Court overrules Plaintiffs' Objections.

Accordingly, it is now:

**ORDERED:**

1. Defendants' Objections (Doc. 209) are **OVERRULED**.

2. Plaintiffs' Objections (Doc. 210) are **OVERRULED**.

3. United States Magistrate Judge Kyle C. Dudek's Order (Doc. 200) is **AFFIRMED**.

**DONE and ORDERED** in Fort Myers, Florida on April 28, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record